UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BATYA G. WERNICK, ESQ.,**<br><br>　　　　**Plaintiff,**<br>　v.<br><br>**STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL,** *et al.***,**<br><br>　　　　**Defendants.** | **Civil Action No. 2:23-cv-03862-MCA-CLW**<br><br>**REPORT AND RECOMMENDATIONS** |

**CATHY L. WALDOR, U.S.M.J.**

**I.　Introduction**

　　　This matter is before the Court on the motion of plaintiff Batya G. Wernick, Esq. ("Wernick") seeking to remand the case to New Jersey Superior Court (ECF No. 4). The motion is fully briefed and has been referred to the undersigned by the Honorable Madeline Cox Arleo. The Court has carefully considered the parties' submissions and decides the matter without oral argument per Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1. For the reasons stated below, the Court respectfully recommends that Wernick's motion be **GRANTED.**

**II.　Background**

　　　Wernick filed this action in New Jersey Superior Court in July 2023. *See* ECF No. 1, Exhibit A. She complains of "the Defendants' malicious acts and misconduct toward Ms. Wernick in their investigation (and other administrative acts) of Ms. Wernick and of wrongfully causing the criminal indictment of Ms. Wernick". *See id.* at ¶ 7. Her original complaint brought claims sounding in the common law, violation of New Jersey statutes, and as most immediately relevant, 42 U.S.C. § 1983. *See id.* at ¶¶ 51-70.

Defendants removed the action to this Court[1] based on the federal question presented by Wernick's § 1983 claim. *See* ECF No. 1 at ¶ 3.[2] Shortly after removal, Wernick filed an amended complaint which, *inter alia*, "amend[ed] her initial Complaint by dismissing without prejudice the Third Count in the initial Complaint, which is for Violation of Civil Rights Law 42 U.S.C. §1983". ECF No. 2. As the amended complaint removed all references to federal law, *see id.*, Wernick moved to remand.

### III. Legal Standard

As a general matter, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand'", *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed sub. nom. American Standard v. Steel Valley Auth.*, 484 U.S. 1021 (1988)), and "[t]he party seeking removal carries the burden of proving that removal is

---

[1] Wernick contends that Defendants removed the case to the wrong division and that the Court transferred it to the right one "on its own volition". *See* ECF No. 4-1 at 2 n.1. Wernick does not describe, and the Court cannot discern, why this is the case, and the record demonstrates otherwise. *Cf.* ECF No. 1 at 2 (removing case to "the United States District Court for the District of New Jersey").

[2] It is unclear from the record whether Defendants' removal was timely. *See generally* ECF No. 1. However, Wernick does not raise this issue in her remand motion. As the court "may only review the timeliness of removal if a plaintiff raises the issue in a motion to remand", *J.C. v. Borough of Woodlynne*, 2022 U.S. Dist. LEXIS 202117, at *4 (D.N.J. Nov. 7, 2022) (citing *Estate of Campbell by Campbell v. South Jersey Medical Center*, 732 F. App'x 113, 117 (3d Cir. 2018)), the Court does not address the timeliness of Defendants' removal.

proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The present motion also implicates 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy".

### IV.    Analysis

Wernick's motion presents the following question: where, as here, a defendant properly removes a case to federal court on the strength of federal question jurisdiction, and subsequently, the plaintiff in an amended pleading voluntarily removes her federal claim, does the court retain supplemental jurisdiction over the remaining claims, or should the matter be remanded?

As to whether the Court *must* remand the case for want of jurisdiction, the answer is no. As stated by the Supreme Court in *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 127 S. Ct. 1397 (2007), "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Id.* at 474 n.6 (citing cases); *see also Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, 2023 U.S. App. LEXIS 25504, at *4 n.1 (3d Cir. Sep. 27, 2023) ("A subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction.") (quoting *Westmoreland Hosp. Ass'n v. Blue Cross of*

*W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979));³ *e.g.*, *Schaffer v. Atl. Broad. of Lindwood NJ Ltd. Liab.*, 2011 U.S. Dist. LEXIS 53255, at *5-6 (D.N.J. May 17, 2011) ("Because the Court had subject matter jurisdiction over Plaintiff's claims at the time of removal, even though the Amended Complaint does not assert a federal claim, the Court is not compelled to remand the matter to state court for lack of subject matter jurisdiction over Plaintiff's remaining state law claims.") (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1867, 173 L. Ed. 2d 843 (2009)); *accord Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) "([A] plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions.").

The fact that the Court is not divested of jurisdiction does not end the inquiry, however. Instead, where, as here, a plaintiff amends her complaint post-removal, "[t]he court ha[s] discretion to retain jurisdiction over the state law claims even after [plaintiff] amend[s] the complaint to remove any federal cause of action." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (citing cases); *see Coefield v. GPU*, 125 Fed. App'x 445, 448 n.3 (3d Cir. 2005) ("Following Appellant's amendment of his complaint (purging it of all claims implicating federal law), the District Court had the discretion to retain or remand the remaining state law claims.") (citing *Carnegie-Mellon Univer. v. Cohill*, 484 U.S. 343, 357, 98 L. Ed. 2d 720, 108 S. Ct. 614 (1988)). Such discretion "enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Carnegie-Mellon*, 484 U.S. at 357.

---

³ Here, by Wernick's own admission, the amended complaint is "designed to eliminate the federal claim". *See* ECF No. 2 at 1 (amending original complaint "by dismissing without prejudice the Third Count in the initial Complaint, which is for Violation of Civil Rights Law 42 U.S.C. §1983").

As with remand generally, the presumption in these instances cuts drastically toward declining jurisdiction. As stated in *Carnegie-Mellon*, "in the usual case in which all federal-law claims are eliminated before trial, the [relevant factors] will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7; *see also N. Sound Capital LLC v. Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019) (where federal claims are dismissed post-removal, "the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so") (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)); *Simcic v. Pittsburgh Water & Sewer Auth.*, 605 F. App'x 88, 92 (3d Cir. 2015) ("[A]bsent extraordinary circumstances, 'jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable.'") (quoting *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984)).

Turning to the present matter, this is a textbook non-extraordinary case where the relevant factors militate in favor of remand. First, there are no extant federal claims in the operative complaint.[4] If the Court were to retain jurisdiction, therefore, it would be tasked with adjudicating a purely state law matter. On the other side of this coin, comity favors such disputes being heard in state court. Further, the case is still in its earliest stages, with no discovery or other substantive developments having occurred. And there is no inconvenience to the parties litigating in a state courthouse located a short distance from this Court.

---

[4] "[I]t is well-established that an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio*." *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 172 (3d Cir. 2013) (quoting *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204 (7th Cir. 1998)). Although an exception is recognized where an amended pleading incorporates an earlier one by reference, and although Wernick's amended complaint references the original complaint, the context of such reference (*i.e.*, that the complaint was amended to remove the federal claim), indicates this is not an instance of incorporation by reference. Thus, as is usually the case, the amended complaint is the operative pleading; the original complaint is a nullity.

Courts in this district encountering similar circumstances almost universally exercise their discretion to order remand. *See, e.g.*, *Edrington-Latham v. Unified Vailsburg Servs. Org.*, 2022 U.S. Dist. LEXIS 182152, at *6-7 (D.N.J. July 13, 2022) (where plaintiff amended complaint post-removal to remove federal claim, court "view[ed] remand as appropriate for several reasons. First, no federal cause of action remains before this Court. Second, judicial economy does not favor the case remaining in this extraordinarily busy court, where it has been pending only a few months, discovery has not begun, and the Court has no familiarity with it other than through the instant motion. Third, there is no inconvenience to either party to litigate state law claims in the Superior Court, Essex County, which is located just a short distance from this Court. Fourth, comity is best served by allowing the New Jersey courts to adjudicate purely state law claims.") (citations omitted); *Cruz v. Aspen Landscaping Contracting, Inc.*, 2021 U.S. Dist. LEXIS 24843, at *16-17 (D.N.J. Feb. 8, 2021) ("[T]his Court has not expended significant resources in connection with this case. In fact, the determination of this motion will be the court's first ruling in the case. Thus, I find judicial economy weighs in favor of, and surely does not weigh against, removal. . . . Comity also favors remand because there is no continuing federal interest in retaining jurisdiction over these state law causes of action."); *Coleman v. Pub. Serv. Elec. & Gas Co.*, 2005 U.S. Dist. LEXIS 27870, at *5 (D.N.J. Oct. 26, 2005) ("Under the circumstances in this case, this Court believes that the appropriate course of action is to remand the case to the Superior Court of New Jersey. The federal claims were promptly dismissed and there has been no commitment of judicial resources to the nonfederal claims."). As in these matters, the relevant factors in this case overwhelmingly weigh in favor of remand.[5]

---

[5] While it is true that Wernick's post-removal amendment betrays an attempt at forum manipulation, this is not enough to shift the balance in Defendants' favor. *See, e.g.*, *Edrington-Latham*, 2022 U.S. Dist.

V.      **Conclusion and Recommendations**

For the reasons stated, it is

**RESPECTFULLY RECOMMENDED** that plaintiff Batya G. Wernick, Esq.'s motion to remand (ECF No. 4) be **GRANTED**; and it is further

**RESPECTFULLY RECOMMENDED** that this case be remanded for all further proceedings to the Superior Court of New Jersey, Passaic County Law Division; and it is further

**RESPECTFULLY RECOMMENDED** that the Clerk of the Court be directed to terminate this matter.

The parties have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 72.1(c)(2).

Dated: February 2, 2024

                                    *s/ Cathy L. Waldor*
                                    Cathy L. Waldor, U.S.M.J.

---

LEXIS 182152, at *5 ("In the absence of any 'further indications of bad faith, such as an attempt to nullify adverse rulings by switching courts,' the specter of manipulation is insufficient to warrant retaining jurisdiction over purely state law claims.") (quoting *Dirauf v. Berger*, 506 F. Supp. 3d 254, 266 (D.N.J. 2020)); *Coleman*, 2005 U.S. Dist. LEXIS 27870, at *5 ("Even if this Court assumes there was an attempt at forum manipulation by plaintiff, it is outweighed by the other factors favoring remand. Specifically, the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine outweigh the alleged forum manipulation and justify remand of the case to the state court.").